DURREL PAINT & VARNISH CO., APPELLANT, *v.* FRAZIER ET AL., APPELLEES. (Two cases.)

[Cite as Durrel Paint & Varnish Co. v. Frazier, 7 Ohio App. 2d 183.]

184

*Messrs. Pickrel, Schaeffer & Ebeling,* and *Mr. Gordon H. Savage,* for appellant.
*Mr. James R. Gould,* for appellees.

KERNS, J. The plaintiff, appellant, Durrel Paint and Varnish Company, filed a petition in the Court of Common Pleas of Montgomery County alleging two causes of action; the first against the contractor, Tom Frazier, for money due upon a contract for paint delivered to the contractor and used on the plat of Concept Development Company, defendant, appellee, and a second cause of action for foreclosure of a mechanic's lien upon the property owned by Concept Development Company and other defendants, appellees.

On August 5, 1965, the owners of the property deposited in the clerk's office the sum of $2,400.06, which was the principal amount of the lien, with interest to the date of deposit, plus an additional sum of $200, or a total of $2,600.06. This deposit was conditioned upon the ultimate determination that the plaintiff's lien was valid.

Thereafter, the trial court issued an order releasing and discharging the lien.

Upon discovery of this order, the plaintiff, on August 10, 1965, filed a motion to set aside the ex parte entry on the ground that the trial court had changed not only the nature, but also the adequacy, of its security.

The plaintiff's motion was overruled, and the present appeal is from that order.

The only question presented in the appeal is whether the trial court is empowered to release and discharge a mechanic's lien upon real property without making a determination of its

validity and without the consent of the lien claimant, where the property owners of the land against which a lien has been filed deposit in court a sum equal to the amount of the lien with interest to date of the deposit, plus $200.

Ordinarily, an action brought before the terminal date of the statute of limitations to enforce a mechanic's lien remains in force until final adjudication (Section 1311.13, Revised Code), and Section 1311.11, Revised Code, provides the only statutory means whereby other security may be substituted for the security of the lien before final adjudication.

Section 1311.11, Revised Code, provides in pertinent part as follows:

"A lien is void and the property wholly discharged therefrom if the owner of such property files with the recorder notice to commence suit with the return of service by the sheriff indorsed thereon and a bond in double the amount of the claim upon which such lien is predicated, in favor of the lien claimant executed by sufficient surety and approved in writing by a judge of the court of common pleas of such county, conditioned upon the payment of such claim, the payment of any judgment upon such claim, or settlement of such claim, plus costs."

In the present case, it would be a vain act to file the notice to commence suit which is referred to in Section 1311.11, Revised Code, because the plaintiff's action to foreclose the lien has already been filed. However, this fact does not nullify the statutory requirement that a bond in double the amount of the claim upon which the lien is predicated be filed. On the contrary, there is no valid reason why the security required to void the lien should be any less after the foreclosure action is filed than before it is filed.

Indeed, if less security is required after foreclosure, an owner could avoid the bond requirement by issuing the notice required in the first paragraph of Section 1311.11, Revised Code, and then, after the foreclosure action is commenced pursuant to the notice, move that the court allow security in an amount less than required by the applicable statute.

In our opinion, the specific provision of Section 1311.11, Revised Code, requiring bond negatives the idea that the Legislature intended to vest in the court the power to discharge

the lien by any process other than that expressed in the statute.

The defendants rely mainly upon equity to save the procedure adopted in the present case. However, the amount deposited is conditioned upon the validity of the lien. It does not constitute payment. And it is possible that the amount on deposit may prove to be inadequate to satisfy the lien, plus interest, upon the ultimate determination of the foreclosure action. See Section 1343.03, Revised Code; 36 American Jurisprudence, 111, Section 166; 57 Corpus Juris Secundum 728, Section 176.

We are aware of no equitable principle which might permit the defendants to jeopardize the plaintiff's security in an ex parte proceeding and without compliance with Section 1311. 11, Revised Code.

The defendants may, of course, remove the impediment of the lien by filing the required bond, but at this stage of the proceedings, the order of the trial court must be reversed and the lien reinstated.

*Order reversed.*

SHERER, P. J., and CRAWFORD, J., concur.